**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHERYL SINGLETON, | : | |
| Movant, | : | CRIMINAL ACTION NO. |
| | : | 1:15-CR-0443-SCJ |
| v. | : | |
| | : | CIVIL ACTION NO. |
| UNITED STATES OF AMERICA, | : | 1:19-CV-4624-SCJ |
| Respondent. | : | |

**ORDER**

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R), [Doc. 140], recommending that Movant's 28 U.S.C. § 2255 motion to vacate, as supplemented, [Docs. 118, 123], be denied. Petitioner has filed her objections in response to the R&R. [Doc. 148].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

AO 72A
(Rev.8/82)

On August 2, 2016, Movant entered a plea of guilty to Count 1 of the indictment, which charged Movant with wire fraud.[1]  This Court sentenced Movant to 150 months of incarceration.  Movant appealed, [Doc. 79], and the Eleventh Circuit Court of Appeals affirmed.  United States v. Singleton, 728 F. App'x. 947 (11th Cir. 2018).  The United States Supreme Court later denied Movant's petition for a writ of certiorari. 139 S. Ct. 494 (2018).

In her § 2255 motion, Movant raises five grounds of ineffective assistance of counsel.  In the R&R, the Magistrate Judge concluded that the record refutes her claim that her trial counsel failed to communicate a more favorable plea offer to her because no formal plea offer was made by the Government.  In response to her claim that trial counsel failed to file a notice of appeal, the Magistrate Judge concluded that the claim fails because she was appointed new counsel for her appeal, and she was able to appeal.  The Magistrate Judge further concluded that Movant is not entitled to relief with respect to her claims regarding the joint stipulations to the pre-sentence report because the Eleventh Circuit ruled in her appeal that this Court did not err in failing to determine whether her approval of the joint stipulations were knowing and

---

[1] Movant operated a tax preparation business "through which she perpetrated extensive fraudulent schemes resulting in a loss to the government of approximately $20 million.  [She] also personally defrauded several businesses through bank loan and credit card scams."  United States v. Singleton, 728 Fed. Appx. 947, 948 (11th Cir. 2018).

AO 72A
(Rev.8/82)

voluntary, and she failed to demonstrate that counsel misadvised her regarding the stipulations. Singleton, 728 Fed. App'x at 950.

In determining that Movant is not entitled to relief on her claim that trial counsel was ineffective for failing to object to the joint stipulations and that the stipulations somehow limited her unfettered allocution, the Magistrate Judge concluded that Movant failed to demonstrate prejudice. Finally, the Magistrate Judge concluded that Movant's restitution claim fails under the rule that an order of restitution cannot be challenged under § 2255. Mamone v. United States, 559 F.3d 1209, 1211 (11th Cir. 2009) (agreeing that "claims seeking relief other than release from custody cannot be brought pursuant to § 2255"); Arnaiz v. Warden, 594 F.3d 1326, 1327-28 (11th Cir. 2010) (Mamone foreclosed § 2255 claim that trial counsel was ineffective for failing to challenge erroneous order of restitution).

Movant specifically objects only to the Magistrate Judge's determinations regarding her claim that trial counsel failed to communicate a plea offer to her (Ground 1) and her claim regarding the joint stipulations (Ground 3). In her Ground 1, Movant contends that weeks before she agreed to a plea deal, her trial counsel received a plea offer that they did not communicate to her. As discussed above, the Magistrate Judge concluded that there was no formal plea deal to communicate. In her objections, Movant quotes selectively from an email from the Government to her

trial counsel to make it appear that there was, in fact, a formal plea offer.  However,

in reviewing the R&R, where the Magistrate Judge quotes the email more fully and

provides context to demonstrate that plea negotiations were then ongoing, it is clear

that the Magistrate Judge is correct that there was no formal plea offer to communicate

to Movant.  This Court thus agrees with the Magistrate Judge that Movant's trial

counsel was not ineffective because there was no formal plea offer to communicate

to her.  Turbi v. Sec'y, Dep't of Corr., 800 Fed. App'x 773, 775-76 (11th Cir. 2020)

("defense counsel's duty to communicate plea negotiations extends only to formal

offers from the prosecution[,]" and counsel has no duty to communicate a

"contemplated" offer) (citing Missouri v. Frye, 566 U.S. 134, 145 (2012)).

With respect to her Ground 3 claim regarding the joint stipulations,[2] Movant

contends in her objections that the Magistrate Judge misconstrued her claim.  By way

---

[2] In her objections regarding her Ground 3, Movant also argues at length that this Court erred in applying U.S.S.G. § 2B1.1 instead of § 2T1.1 in calculating her Guidelines sentence.  The PSR used § 2B1.1 in its sentence calculation, and in the stipulation, as noted, Movant waived her objections to the PSR.  Accordingly, because this Court concludes that Movant's claims regarding the joint stipulation fail, her claim that § 2T1.1 should have been used to calculate her sentence likewise fails.  To the degree that Movant contends that she can demonstrate prejudice because she received a longer Guideline range under § 2B1.1, and that without the stipulation, this Court would have applied § 2T1.1, the claim is, *at best*, speculative.  Movant pled guilty to Count 1 wire fraud, 18 U.S.C. § 1343, and while the crimes covered in Count 1 related to her filing sham tax returns, Movant's crime of conviction was fraud, and this Court thus properly applied § 2B1.1, the fraud guideline.

AO 72A
(Rev.8/82)

of background, after Movant pled guilty, both Movant and the Government objected to the presentence report (PSR).  The parties entered into a joint stipulation pursuant to which both parties would drop their objections to the PSR and the Guidelines sentence calculation, and the Government agreed that it would not to seek an obstruction enhancement, would not seek to withhold a third point for acceptance of responsibility, and recommend no greater than 150 months of imprisonment.  [Doc. 70].

According to Movant, this Court erred in failing to establish that Movant's waiver of her right to object to the PSR was knowing and voluntary, and her trial counsel was ineffective in "coercing" her to sign the joint stipulations.  With respect to the first contention, this Court acknowledges that a waiver of objections to a PSR must be knowing and voluntary.  United States v. Robinson, 744 F.3d 293, 298 (4th Cir. 2014).  However, there is no requirement that a federal sentencing court must specifically inquire or affirm that such a waiver has been knowingly and voluntarily made, and this Court agrees with the Magistrate Judge that Movant's conclusory arguments that she did not knowingly and voluntarily enter the stipulation are unavailing.

As to her contention that her trial counsel was ineffective in failing to properly advise her about the stipulation—or that counsel coerced her into entering the

AO 72A
(Rev.8/82)

stipulation—it is clear that the Magistrate Judge comprehensively, properly and correctly addressed this argument, [Doc. 140 at 14-18], and Movant's objection, in which she essentially restates her arguments regarding the stipulation, fails to demonstrate that the Magistrate Judge erred.

In summary, having carefully reviewed the record in light of Movant's objections, this Court concludes that the Magistrate Judge is correct. Accordingly, the R&R, [Doc. 140], is hereby **ADOPTED** as the order of this Court, and Movant's 28 U.S.C. § 2255 motion, [Doc. 118, as supplemented, Doc. 123], is **DENIED**. The Clerk is **DIRECTED** to close Civil Action Number 1:19-CV-4624-SCJ.

This Court further agrees with the Magistrate Judge that Petitioner has failed to make "a substantial showing of the denial of a constitutional right," and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**, this 28th day of August, 2020.


s/Steve C. Jones
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)